[Crim. No. 4123. First Dist., Div. Two. Nov. 15, 1962.]

THE PEOPLE, Plaintiff and Respondent, v. WARREN EDWIN STRAW III, Defendant and Appellant.

Warren Edwin Straw III, in pro. per., for Defendant and Appellant.

Stanley Mosk, Attorney General, John S. McInerny and Keith E. Pugh, Jr., Deputy Attorneys General, for Plaintiff and Respondent.

SHOEMAKER, J.—On March 4, 1958, the defendant, Warren Edwin Straw III, was charged by information with two counts of burglary. On March 10, 1958, the defendant pleaded guilty to the first count. Thereupon, on the motion of the district attorney, the court dismissed the second count. The defendant, when arraigned for judgment, interposed a motion for probation.

On April 22, 1958, the probation hearing was held and upon stipulation of both counsel, the court determined the crime to be second degree burglary. Imposition of sentence was then suspended and the defendant was placed on probation for five years on the condition that he spend three months in the county jail, pay a fine of $250, and make restitution.

On April 18, 1961, the defendant was charged by information with a violation of Vehicle Code, section 10851. The defendant was also charged with a prior felony conviction for burglary. On April 21, 1961, the defendant was arraigned. On April 24, 1961, the proceedings were suspended and defendant was ordered examined for present sanity pursuant to Penal Code, section 1368. The defendant was found sane, and, on May 10, 1961, pleaded guilty to the offense and the charge of a prior felony conviction was dismissed. The defendant moved for probation. On May 31, 1961, the court sentenced the defendant to state prison, and then suspended the sentence and placed the defendant on probation for three years, on condition that he serve nine months in the county jail.

On November 13, 1961, the prosecution, at the request of the probation department, moved to revoke the defendant's probation. The matter was heard on November 14, 1961, and the court revoked the defendant's probation on both the burglary and vehicle theft convictions. The court then sentenced the defendant to state prison on the conviction of April 22, 1958, for second degree burglary, and put into effect the state prison sentence that had been suspended on the Vehicle Code violation, both sentences to run concurrently, from which judgments the defendant appeals.

█ In regard to the burglary conviction, it may be noted that no judgment of conviction or sentence of imprisonment in a state prison was entered against appellant until the November 14 hearing, when the court revoked probation and for the first time pronounced judgment and sentence. This judgment is appealable under Penal Code, section 1237, subdivision

1. (*Stephens* v. *Toomey* (1959) 51 Cal.2d 864, 871 [338 P.2d 182].) As for the vehicle theft conviction, however, the court originally entered its judgment and sentence to state prison on May 31, 1961, and thereafter suspended sentence for the purpose of placing appellant on probation. Upon the subsequent revocation of probation, the judgment of May 31 was brought into full force and effect. (*Stephens* v. *Toomey*, *supra*, at p. 874.) An order revoking probation made *after* entry of judgment is appealable pursuant to Penal Code, section 1237, subdivision 3. (*People* v. *Mason* (1960) 184 Cal.App.2d 182, 192-193 [7 Cal.Rptr. 525].)

Appellant contends that the judgments convicting him of burglary and revoking his probation for vehicle theft must be reversed. In this regard, he first urges that the court erred in revoking his probation and pronouncing judgment in the absence of his counsel. The record completely refutes this contention. It consists of a clerk's transcript and a one-page reporter's transcript of the November 14 hearing on the motion to revoke probation. The title page of the reporter's transcript states that the deputy public defender appeared on behalf of appellant at the hearing. The body of the transcript contains no indication to the contrary. The clerk's transcript specifically states that appellant and his counsel, the public defender, were both present at the November 14 hearing when the court revoked probation and pronounced judgment. The clerk's transcript similarly states that appellant "and counsel, Wm. J. Gintjee" were present at the May 31 hearing when the court originally pronounced judgment on the vehicle theft conviction.

 Appellant's second and final contention is that the trial court committed prejudical error because it failed, after revoking probation, to ask appellant if he had any legal cause to show why judgment should not be pronounced. (Pen. Code, § 1200.) The record does indicate that the lower court failed to make the required inquiry. The courts have repeatedly held, however, that the omission of the question need not constitute prejudicial error. In *People* v. *Henry* (1948) 86 Cal. App.2d 785, 790 [195 P.2d 478], the court pointed out that the defendant had not objected to the omission in the lower court but had raised it for the first time on appeal. The court then concluded, "No prejudice appears, and it would be an idle act and a prejudice to the appellant to return her solely for the purpose of again pronouncing judgment." (See also

*People* v. *Rocha* (1955) 130 Cal.App.2d 656, 663 [279 P.2d 836].)

The judgments are affirmed.

Kaufman, P. J., and Agee, J., concurred.