[Crim. No. 30746. Second Dist., Div. Four. Feb. 8, 1979.]

THE PEOPLE, Plaintiff and Respondent, v.
DONALD RAY BILLETTS, Defendant and Appellant.

## COUNSEL

Max Albeck, under appointment by the Court of Appeal, for Defendant and Appellant.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, S. Clark Moore, Assistant Attorney General, Edward T. Fogel, Jr., and Sandy R. Kriegler, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**ALARCON, J.**—In an information filed by the District Attorney of Los Angeles County, appellant was charged with violating Penal Code section 476a (issuing a check without sufficient funds), a felony. On April 15, 1976, the charge was reduced to a misdemeanor and defendant pleaded no contest to that charge.

On May 26, 1976, the date set for sentencing, imposition of sentence was suspended and defendant was placed on probation for a period of

one year on condition, inter alia, that he pay a fine of $200, plus penalty assessment.

On March 8, 1977, defendant was found to be in violation of probation. Probation was revoked and defendant was sentenced to serve one year in the county jail. Defendant has appealed from the judgment and sentence imposed following the revocation of probation.

Defendant raises the following contentions on appeal:

(1) The sentence imposed constitutes cruel or unusual punishment;

(2) Defendant was deprived of his right to a prerevocation hearing;

(3) Defendant was not informed by the court of the consequences of his admission that he had violated probation; and

(4) The sentence was invalid because no judgment was pronounced by the court.

Respondent contends that defendant's appeal should be dismissed because no certificate of probable cause was applied for or obtained by defendant.

*The Certificate of Probable Cause*

We first address the issue of whether, under the circumstances, defendant may appeal without first obtaining a certificate of probable cause and, if so, which issues may be reached by this reviewing court.

Penal Code section 1237.5 provides as follows: "No appeal shall be taken by defendant from a judgment of conviction upon a plea of guilty or nolo contendere, *or a revocation of probation following an admission of violation,* except where: [¶] (a) The defendant has filed with the trial court a written statement, executed under oath or penalty of perjury showing reasonable constitutional, jurisdictional, or other grounds going to the legality of the proceedings; and [¶] (b) The trial court has executed and filed a certificate of probable cause for such appeal with the county clerk." (Italics added.)

The underscored portion of the foregoing section was added by an amendment to the statute in 1976. (Stats. 1976, ch. 1128, § 1.) Prior to that

amendment the section related only to appeals taken following a plea of guilty. The amendment reflects an apparent legislative understanding that an admission of violation of probation is tantamount to a guilty plea and that the principles which militate against the taking of an appeal from a conviction following a guilty plea (e.g., that a guilty plea amounts to an admission of every element of the offense; *People* v. *Jones* (1959) 52 Cal.2d 636, 651 [343 P.2d 577]) operate with equal applicability to appeals from a judgment following an admission of violation of probation.

Respondent contends that because of appellant's failure to comply with the requirements of section 1237.5 of the Penal Code, his appeal must be dismissed. Appellant, in his reply brief, admits that a statement of probable cause was neither sought nor obtained from the trial court but argues that under rule 31(d) of the California Rules of Court, no such compliance was required. However, rule 31(d) does not address the issue presented in this case: whether a certificate of probable cause is required before a defendant may appeal following an admission of violation of probation.

Rule 31(d) provides in pertinent part: "If the appeal from a judgment of conviction entered upon a plea of guilty or nolo contendere is based solely upon grounds (1) occurring after entry of such plea which do not challenge the validity of the plea . . . the provisions of section 1237.5 of the Penal Code requiring a statement by the defendant and a certificate of probable cause by the trial court are inapplicable, . . ." This rule was last amended on January 1, 1972.

█ The real issue then is whether the fact that rule 31 is silent with respect to appeals following an admission of probation violation, precludes such appeals when not accompanied by a certificate of probable cause. We conclude that it does not.

Prior to its 1970 amendment, rule 31(d) provided that in the event of an appeal following a guilty plea, the defendant was required to apply for and obtain a certificate of probable cause as required by Penal Code section 1237.5. No exceptions to this requirement were contained in the rule. In 1967, in *People* v. *Ward,* 66 Cal.2d 571 [58 Cal.Rptr. 313, 426 P.2d 881], the Supreme Court concluded that neither the foregoing Penal Code section nor rule of court operated to deprive a defendant of a right to appeal following a guilty plea without obtaining a certificate of probable cause, where that appeal addressed issues occurring after the entry of the plea. In *Ward,* defendant pleaded guilty to murder, following which the

trial court determined the degree of murder and imposed sentence. Defendant's appeal was challenged on the basis that no certificate of probable cause had been obtained. The *Ward* court stated at page 574: "Different rules apply where a defendant attempts to assert the invalidity of his guilty plea than where he is not seeking to vacate the plea but claims, rather, that errors occurred in the proceedings held subsequent to the plea for the purpose of determining the degree of the crime and the penalty to be imposed. In spite of the fact that section 1237.5 refers generally to an appeal 'from a judgment of conviction upon a plea of guilty' it seems clear that the section was intended to apply only to a situation in which a defendant claims that his plea of guilty was invalid."

The court concluded at pages 576-577: "The primary purpose of the section, to prevent the taking of frivolous appeals based on the asserted invalidity of pleas of guilty, must not be confused with the entirely separate and settled procedure relating to the determination of asserted errors occurring in subsequent hearings . . . ."

The *Ward* court explained that Penal Code section 1237.5 exists to prevent the taking of frivolous appeals. Since the guilty plea admits every element of the offense, and since no trial was held and thus no controverted issues were presented, there is a rationale for confining the right of appeal to a situation in which fundamental errors may have occurred. That rationale has no application, however, when appellant's attack is made on a subsequent proceeding wherein controverted issues arise, as, for example, in a sentencing hearing. The same principles apply to an admission of violation of probation. Where a defendant is attacking the validity of that admission, a certificate of probable cause is required under the express terms of section 1237.5. Where, however, he contends, as here, that the sentence imposed following the finding that defendant was in violation of probation was illegal, the primary purpose for a certificate of probable cause is not present.

The holding in *Ward* was followed in 1968 by *People v. Delles,* 69 Cal.2d 906, 909 [73 Cal.Rptr. 389, 447 P.2d 629], where the court held that section 1237.5 did not apply where defendant's only claim was that the trial court erred in imposing a prison sentence contrary to the terms of a plea bargain.

The principles which led the *Ward* and *Delles* courts to conclude that matters arising *after* the entry of a plea were distinct from those *affecting* its entry, apply with equal force to admissions of violation of probation.

Therefore, although rule 31(d) has not yet been amended to include the expanded language of Penal Code section 1237.5 concerning admissions of violation of probation, we believe that the principles set forth in *People v. Ward, supra,* 66 Cal.2d at pages 574-577, lead to the conclusion that no certificate of probable cause is required to challenge the sentence imposed in this case.

*Issues Which May Be Reached on This Appeal*

■ The conclusion we have reached concerning the circumstances under which a certificate of probable cause is required limits the issues raised by defendant which may be considered by this court. Defendant's contentions that he was deprived of proper notice of prerevocation hearing, deprived of the hearing itself, and not informed of the consequences of an admission of violation, all relate to matters which occurred prior to and affect the validity of his admission of violation. In *People v. Kaanehe* (1977) 19 Cal.3d 1 [136 Cal.Rptr. 409, 559 P.2d 1028], defendant filed an appeal following the entry of a guilty plea as part of a plea bargain. Defendant contended: (1) error in failing to warn him of the effect of a plea and of his appeal rights; (2) error in refusing to postpone the trial date; (3) error in denying his motion to suppress evidence; (4) failure of the prosecutor to honor the plea bargain. No certificate of probable cause having been obtained by defendant, the Supreme Court held at page 6: "The first two issues are not properly raised on appeal."

The same principles apply in the instant case. Absent a certificate of probable cause, the issues raised by defendant concerning the validity of his admission of violation of probation, are not reviewable on appeal.

The contentions raised by appellant which are cognizable on this appeal are whether the sentence imposed is cruel or unusual in violation of the Constitution and whether judgment was pronounced after defendant was found in violation of probation.

*The Sentence*

Defendant was alleged to be in violation of his probation, apparently for failure to pay the fine imposed by the court. The probation violation hearing was originally scheduled for February 15, 1977. On that date it was continued by the court to March 8, 1977, in order for the court to obtain a new probation report. Based on the defendant's admission that

he was in violation of probation and on additional information concerning defendant contained in the updated probation report, the court found the defendant in violation of probation and ordered probation revoked. Imposition of sentence having been suspended following defendant's nolo contendere plea, the court imposed sentence on March 8, 1977, and ordered defendant to serve one year in the county jail.

Appellant contends that the imposition of such a sentence for the mere failure to pay a $200 fine is an unusual punishment in violation of the California Constitution. However, the sentence imposed herein was not as punishment for the violation of probation. Upon a determination that defendant had violated one of the conditions of his probation, the trial judge exercised his discretion to terminate probation and impose sentence. (Pen. Code, § 1203.2, subd. (a).) The sentence imposed was punishment for the original offense of issuing a check without sufficient funds. That offense, initially charged as a felony, would have carried a maximum punishment of from one to 14 years in the state prison if it had not been reduced to a misdemeanor. (Pen. Code, § 476a.) As a misdemeanor, the maximum punishment possible under the law is a term of one year in the county jail.

Penal Code section 1203.2, subdivision (c) provides in part: "Upon any revocation and termination of probation, the court may, if the sentence has been suspended, pronounce judgment for any time within the longest period for which the person might have been sentenced. . . ."

When imposition of sentence has been suspended, and the defendant placed on probation, the termination of probation requires that the court impose sentence on the original offense. (*In re Robinson* (1956) 142 Cal.App.2d 484, 485-486 [298 P.2d 656]; *In re Martin* (1947) 82 Cal.App.2d 16, 17-18 [185 P.2d 645]; *People* v. *Williams* (1944) 24 Cal.2d 848, 850 [151 P.2d 244].)

Inasmuch as the sentence imposed by the court was within the maximum provided by law for the offense originally committed by defendant, the sentence is not constitutionally invalid. (See *People* v. *Wingo* (1975) 14 Cal.3d 169, 174 [121 Cal.Rptr. 97, 534 P.2d 1001].)

*Imposition of Judgment*

Appellant contends that the sentence imposed was invalid because no judgment was ever pronounced by the trial court. As noted earlier in this

opinion, no sentence or judgment was imposed following the entry of defendant's plea. At the probation revocation hearing, the court found defendant in violation of probation and then imposed sentence. Although not expressly so stated, appellant's complaint seems to be addressed to the fact that defendant was not formally arraigned for judgment at the time probation was revoked. When probation was granted, on May 26, 1976, defendant waived formal arraignment for judgment, and defense counsel informed the court that there was no legal cause why judgment should not then be pronounced. However, when defendant appeared before the court on March 8, 1977, the court did not formally arraign defendant for judgment prior to imposing sentence after revocation of probation.

Penal Code section 1200 provides in part: "When the defendant appears for judgment he must be informed . . . of the nature of the charge against him and of his plea, . . . and must be asked whether he has any legal cause to show why judgment should not be pronounced against him."

■ Although the statute is couched in mandatory language, lack of compliance has been deemed fatal to the judgment on only rare occasions, in almost all of which defendant was without counsel. (*People v. Skinner* (1966) 241 Cal.App.2d 752, 757-758 [50 Cal.Rptr. 867]; *People v. Parga* (1967) 249 Cal.App.2d 820, 821 [57 Cal.Rptr. 829].) "If the defendant is represented by counsel or has made an effective waiver, omission of the inquiry is only an error of law, not necessarily prejudicial" (*In re Grayson* (1966) 242 Cal.App.2d 110, 114 [51 Cal.Rptr. 145].)

In *People v. Parga, supra,* 249 Cal.App.2d at page 821, the court observed that in some states the "right of allocution" had been abandoned as a useless ceremony, and further that it may have no application to a sentence pronounced upon a plea of guilty.

In *People v. Thomas* (1955) 45 Cal.2d 433, 438 [290 P.2d 491], the court explained: "[W]hile the requirement (Pen. Code, §§ 1200, 1201) that the question be asked is substantial and a failure to ask it is fatal to the judgment if defendant has been deprived of counsel [citation] it is not fatal where defendant is present and represented by counsel and no prejudice appears. [Citations.] . . . Defendant's counsel was fully advised of all circumstances bearing upon the degree of crime and punishment to be imposed and had an opportunity to present them at the hearing. Both

defendant and his counsel were present when judgment was pronounced and no objection was made."

In *People* v. *Straw* (1962) 209 Cal.App.2d 565, 567 [26 Cal.Rptr. 461], defendant was represented by counsel at the time of sentence; section 1200 was not complied with, but counsel interposed no objection. The court held that the error was waived.

In the instant case, where defendant admitted the violation of probation, where he was represented by counsel at the time of sentence, and where he "does not suggest any facts which would have in any way affected the disposition of the case had the trial judge made this inquiry," (*People* v. *Rocha* (1955) 130 Cal.App.2d 656, 663 [279 P.2d 836]) it was not reversible error for the judge to omit arraignment for judgment (see *People* v. *Wademan* (1918) 38 Cal.App. 116, 137 [175 P. 791]) or inquiry of the defendant as to whether there was any legal cause why judgment should not be pronounced (*People* v. *Hawthorne* (1944) 63 Cal.App.2d 262, 266 [146 P.2d 517]).

We conclude that judgment and sentence were properly imposed, and the sentence was proper under the statute and the Constitution.

The judgment is affirmed.

Files, P. J., and Jefferson (Bernard), J., concurred.