Filed 3/4/13  P. v. Rodriguez CA2/8

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B240459 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. KA 086842) |
| v. | |
| GILBERTO RODRIGUEZ, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Tia Fisher, Judge.  Affirmed.

Ricardo A. Nicol for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Scott A. Taryle and Eric J. Kohm, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Gilberto Rodriguez appeals from the judgment entered after his probation from a drug sale conviction was revoked. We reject his contentions that he was not arraigned on the probation revocation charge, did not receive notice that the preliminary hearing on new criminal charges would also serve as the probation revocation hearing, and was denied his right to counsel at that hearing. We therefore affirm the judgment.

## FACTS AND PROCEDURAL HISTORY

In September 2009, Gilberto Rodriguez pleaded no contest to selling a controlled substance, along with allegations that he had been personally armed with a firearm and committed his crime for the benefit of a street gang. Rodriguez was placed on three years formal probation, and was warned that his offenses carried a possible combined state prison sentence of 13 years. Rodriguez performed well on probation until July 2011, when he became involved in a verbal dispute at a pizza parlor that led to sheriff's deputies being summoned. Although Rodriguez tried to serve as a peacemaker, he was in the company of gang members and had a switchblade-like knife in his possession, conduct that violated the terms of his probation. He was arrested and charged with making criminal threats and possession of a switchblade. Rodriguez's brother, Francisco Rodriguez, was also arrested in connection with the pizzeria incident.[1]

As a result of these new charges, proceedings to revoke Rodriguez's probation in the 2009 drug case were initiated. The trial court eventually did just that. Rodriguez contends we should reverse because: (1) the trial court never arraigned him on the probation revocation charge; (2) he was never notified that the preliminary hearing on his new charge would double as the revocation hearing; and (3) as a result, the lawyer who appeared for him at the preliminary hearing on the new charges did not represent him in connection with the probation revocation hearing, effectively denying him the right to counsel during the revocation proceeding. Resolution of this issue turns in part on

---

[1] For ease of reference, we will refer to Francisco Rodriguez by his first name. We will refer to Gilberto Rodriguez's 2009 drug possession conviction as the 2009 drug case and to the charges arising from the pizzeria incident as the new charges.

2

purported conflicts between the clerk's and reporter's transcripts. Although the clerk's transcript refutes most of Rodriguez's contentions, the reporter's transcript is silent as to whether certain events took place or notifications were given, even though those events are described in various minute orders.

We begin by describing the relevant portions of the clerk's and reporter's transcripts. On August 3, 2011, the probation violation case was called. Rodriguez was not in court and not represented by counsel, and the minute order states that the case was set for a possible probation violation hearing on August 16, 2011. There is no reporter's transcript for that hearing.

The minute order for August 16, 2011, states that the probation violation case was called, with Rodriguez present in court with lawyer Samuel Weiss, who had represented Rodriguez during the 2009 drug case. The minute order states that the matter was set for a probation violation hearing to be held concurrently with the preliminary hearing on the new charge on August 26, 2011. It also states that Rodriguez's request to be released on bail was denied. Even though the reporter's transcript from that hearing is identified by the case number for the 2009 drug case, the trial court began the hearing by stating that it was "addressing the first amended felony complaint," and, as to that complaint, asked whether Rodriguez waived "further reading of the complaint, advisement of rights and enter not guilty pleas and denial of any allegations?" Counsel for Rodriguez answered yes.

The prosecutor then noted that "it adds a strike," prompting the trial court to state, "This is a strike. He has a strike offense on his [probation] violation case . . . ." The trial court added that "the amended complaint makes this a strike offense as well." There was then some discussion as to whether Rodriguez wanted to keep his new case together with that of his codefendant brother. Asked if Rodriguez wanted to waive time in order to do so, his lawyer said that he wanted to set it for a preliminary hearing. The record shows that the trial court set the preliminary hearing for August 26, 2011, but said nothing about a hearing on the probation revocation case.

The minute order for August 26, 2011, states that Rodriguez was present with his lawyer "for formal hearing on prob violat," which we understand means formal hearing on probation violation. It also states that the matter was continued to September 30, 2011, for "formal hearing on probation violation." The reporter's transcript from that hearing shows that Rodriguez's brother Francisco was also present with counsel and refers to the case numbers for both the 2009 drug case and the new charges. Because more time was needed to obtain certain evidence, Rodriguez and Francisco agreed to waive time and postpone their preliminary hearing on the new charges until September 30, 2011. The hearing transcript ends with the court stating, "We'll put the probation violation over for probation violation hearing setting to a date." Counsel for Rodriguez responds, "Thank you."

The minute order for September 30, 2011, states that Rodriguez and his lawyer were in court for a formal hearing on the probation violation. The minute order refers to the case number on the new charges, and states that the matter was continued to October 21, 2011, for the probation violation hearing. The reporter's transcript from that hearing bears the case number of both the probation violation case and the new charges, and shows that Rodriguez and Francisco were in court with their respective lawyers. The trial court states that they were "here for a setting for the preliminary hearing . . . ." Because the retrieval of certain evidence was still delayed, Rodriguez and Francisco agreed to waive time and to have the hearing continued until October 21, 2011. No statements concerning the probation violation hearing appear in that transcript.

Two brief hearings were conducted on October 21, 2011, each generating its own clerk's and reporter's transcripts. The minute order from the first hearing states that the matter was called for a formal probation violation hearing and that the matter was transferred to another department. The reporter's transcript from that hearing refers to only the case number from the probation violation case, but reflects that both Rodriguez and Francisco were present with counsel. The trial court began that hearing by stating that it was "[c]alling the matters of People vs. Gilberto Rodriguez and Francisco Rodriguez," with the trial court announcing the case numbers for both the probation

4

violation case and the new charges. The hearing ended with the court transferring "both matters" to another department to discuss possible hearing dates with that judge.

The second minute order for October 21, 2011, reflects that the hearing was held in the other department mentioned above, and was called for a formal hearing on the probation violation. It does not mention the presence of Francisco, but states that the case was trailing the case number for the new charges and was set for a formal probation violation hearing in that department on October 26, 2011. The reporter's transcript from that hearing bears the case numbers for both the probation violation case and the new charges, and shows that both Rodriguez and Francisco were again present with counsel. After noting the presence of both defendants, the trial court said, "We're addressing the preliminary hearing," and then proceeded to take time waivers from both defendants and continue the matter again until October 26, 2011. No express mention of the probation violation hearing appears in this transcript either.

The record discloses that both the preliminary hearing and the probation violation hearing were on calendar for October 26, 2011. The minute order from that date states that the case was called for the formal probation violation hearing "concurrent with the preliminary hearing" on the new charges. The order states that the court found Rodriguez in violation of probation and continued the matter to November 9, 2011, for sentencing. The reporter's transcript from the October 26, 2011 hearing begins with the trial court stating that "we're addressing the two defendant preliminary hearing" on the new charges. Rodriguez's lawyer Weiss stated that he was "specially appearing for preliminary hearing," and the trial court said it would "note the limited appearance." Counsel for Francisco confirmed that he too was making only a limited appearance, and the trial court said that "[a]s to preliminary hearing People may call your first witness."

The testimony was then taken of witnesses to the altercation that led to Rodriguez's arrest on the new charges. A sheriff's detective testified as a gang expert for purposes of the street gang benefit allegation in the new charges. Weiss cross-examined the detective about his opinion that Rodriguez was a gang member, pointing to letters showing that Rodriguez was a well-regarded employee at his job, a regular churchgoer,

5

and a community service volunteer. In addition to asking whether such activities and conduct were the hallmarks of a current gang member, Weiss asked the deputy whether people could change, and whether he thought there was a possibility that Rodriguez had changed for the better. The detective answered yes to that question.

After hearing argument, the trial court dismissed the terrorist threat charge against Rodriguez and reduced the weapons possession charge to a misdemeanor. The court set bail at $40,000 for Rodriguez and at $50,000 for Francisco. Weiss then said, "Also no bail on this violation." The trial court said, "As to his probation violation matter as far as – " Weiss interjected, "The report is favorable, Your Honor." After checking its notes, the trial court said, "As to his probation case . . . bail is set at $50,000." Weiss replied by thanking the court.

Rodriguez next appeared in court on the probation violation matter on November 9, 2011. The minute order for that date states that he was not represented by counsel and was appearing in pro. per. The order states that the matter was continued to December 6, 2011, for probation violation sentencing. There is no reporter's transcript from that hearing. A separate minute order for that date referring solely to the new charges states that that case was called for arraignment, that Rodriguez appeared in pro. per., and that the matter was continued to allow Rodriguez time to hire Weiss.

The minute order from December 6, 2011, states that the case was called for probation violation sentencing and that Rodriguez was representing himself. The order also states that the case was still trailing the new charges and that the matter was continued until December 22, 2011. There is no reporter's transcript from that hearing. A separate minute order of that date that refers to only the new charges also states that Rodriguez was representing himself and continued the matter to give him time to retain counsel.

The December 22, 2011 minute order states that the case was called for probation violation sentencing and that Rodriguez was represented by public defender Ronald Whitenhill. The order states that the matter was continued to January 4, 2012, and was still following the new charges. There is no reporter's transcript from that hearing. A

6

separate minute order of that date that refers solely to the new charges also noted that Whitenhill had been appointed as counsel.

A minute order in the probation violation case from January 4, 2012, also noted that Whitenhill was acting as counsel for Rodriguez, with the matter continued to January 17, 2012. There was no reporter's transcript from that hearing.

The case was called for probation violation sentencing on January 17, 2012, with the minute order showing that Rodriguez was now represented by public defender Anna M. Armenta-Rigor. The order states that the matter was continued to March 1, 2012, for probation violation sentencing and was still trailing the new charges. There was no reporter's transcript from that hearing. A separate minute order of that date bearing the case number for the new charges also notes that Armenta-Rigor was appearing as counsel for Rodriguez. The matter was set for a readiness hearing on March 1, 2012, and for jury trial on March 5, 2012.

A minute order issued in the probation violation case on March 1, 2012, also noted that the matter was called for probation violation sentencing, with public defender Mellissa Mammenga now appearing as counsel for Rodriguez. The matter was continued to March 5, 2012. Substantially similar minute orders were issued for probation violation hearings on March 5, and March 6, 2012, with the last order stating that the matter was continued to March 22, 2012, for probation violation sentencing. As before, those proceedings do not appear to have been reported. Minute orders of March 1 and 5 in the new charges case show that Mammenga was now representing Rodriguez in that matter as well.

A minute order from March 6, 2012, shows that Rodriguez, still represented by Mammenga, pled no contest to the lone misdemeanor weapon possession charge from the new case. The minute order stated that the matter was continued "by stipulation" for probation and sentence hearing on March 22, 2012.

On March 22, 2012, public defender Mammenga submitted a sentencing memorandum for Rodriguez that referenced the case numbers for both the probation violation matter and the new charges. In it, she asked the court to reinstate Rodriguez's

7

probation in the 2009 drug possession case and run his sentence on the new charges concurrently.

The reporter's transcript from the March 22, 2012 hearing begins with the trial court stating that it was on the record in the probation violation case and was also determining Rodriguez's sentence following his no contest plea to the new charge. Counsel discussed the circumstances surrounding Rodriguez's no contest plea in the 2009 drug case, prompting Mammenga to suggest that Rodriguez might have acted differently back then had he known he was pleading no contest to a strike conviction. After Mammenga confirmed that that had no impact on the issues then before the trial court, the trial court said, "I think we've straightened out what we need to straighten out to get to the crux of the issue which is what should the sentence be on this case. [¶] Waive time and arraignment for judgment and sentencing?" After more discussion about evidence and witnesses favorable to Rodriguez, Mammenga stated that Rodriguez did waive arraignment for judgment and sentence.

Later during that hearing, Mammenga mentioned a witness who could offer helpful testimony concerning how Rodriguez came to possess the knife found on him in connection with the new charges. The trial court said it did not need to hear from that witness because "he's been found in violation based on the testimony at the preliminary hearing." Mammenga lamented that Weiss did not call that witness or others who were there because "those issues were never really addressed at the probation violation hearing."

The court responded by asking whether she was raising a legal issue concerning its ability to proceed. Mammenga replied, "It's my understanding that I'm not going to be able to reopen the probation violation hearing. I was providing that to the court just for background information of my client." The discussion then turned to the calculation of custody credits, particularly in regard to Rodriguez's arrest date on the new charge. The trial court asked, "So those days are relative to when he was picked up on the knife case?" Mammenga answered, "And the probation violation. They were all wrapped into one."

8

The trial court then proceeded to sentence Rodriguez to the low term of seven years based on his probation violation, a finding that the trial court said "was made at the preliminary hearing."

**DISCUSSION**

1.    *Right to Arraignment*

A defendant facing formal probation revocation proceedings is entitled to written notice of the claimed violations, disclosure of the evidence against him, an opportunity to be heard, present evidence, and confront and examine witnesses against him, and to counsel. (*People v. Vickers* (1972) 8 Cal.3d 451, 457-459; *People v. Tanner* (2005) 129 Cal.App.4th 223, 234.) Although Rodriguez waived arraignment at the time judgment was entered on the probation revocation case, the record does not affirmatively show that he received formal notice of his claimed probation violations.

However, we will not reverse unless the error was prejudicial. (*People v. Billetts* (1979) 89 Cal.App.3d 302, 310-311 [probation revocation proceeding]; *People v. Boyd* (1962) 203 Cal.App.2d 348, 351.) Because Rodriguez does not address the prejudice issue, we deem it waived. (*People v. Thorbourn* (2004) 121 Cal.App.4th 1083, 1089.)

Alternatively, as respondent points out, Rodriguez's admission of the probation violation by way of his no contest plea to the new charge, combined with his failure to suggest facts that would have somehow led to a different result, renders the error harmless. (*People v. Billetts, supra,* 89 Cal.App.3d at pp. 310-311.)

2.    *Rodriguez Received Notice of the Probation Revocation Hearing*

A preliminary hearing on new charges that give rise to a probation revocation proceeding may be coordinated with the final revocation hearing. (*People v. Arreola* (1994) 7 Cal.4th 1144, 1159.) Even though several minute orders leading up to the October 26, 2011, preliminary hearing state that such was the case here, Rodriguez contends that he was never notified of that fact. He points to: (1) the absence of any

9

statements to that effect in the reporter's transcripts from either the preliminary hearing itself or the several hearings that preceded it; (2) the absence of any findings on the probation revocation issue in the preliminary hearing transcript; and (3) privately retained counsel Weiss's statement that he was specially appearing for the preliminary hearing.

At bottom, Rodriguez contends there is a conflict between the reporter's and clerk's transcript and asks us to resolve that conflict in favor of the reporter's transcript. In such a case, we must harmonize the conflicting portions of the record if possible. If not, the conflict is resolved in favor of that part of the record which, under all the circumstances, is entitled to greater credence. (*People v. Smith* (1983) 33 Cal.3d 596, 599.) We conclude that the circumstances lead us to follow the clerk's transcript, where several minute orders state that the probation revocation proceeding would be heard as part of the preliminary hearing on the new charges.

Our conclusion is based on the following. First, at the end of the August 26, 2011 hearing, after Rodriguez waived time and agreed to continue his preliminary hearing to September 30, 2011, the reporter's transcript quotes the trial court as saying, "We'll put the probation violation over for probation violating hearing setting to a date." This grammatical jumble is somewhat confusing and strikes us as a reporter's mistranscription of what appears in the minute order from that hearing: that the matter was put over for a formal probation violation hearing on September 30, 2011, which would, of course, coincide with the continued preliminary hearing.

Second, at the first of two hearings on October 21, 2011, Rodriguez was in court with Francisco when the trial court called the case numbers from both the probation revocation case and the new charges. The court then transferred "both matters" to another department.

Third, at the October 26, 2011 hearing, attorney Weiss examined the sheriff's gang expert about whether he believed Rodriguez might have changed for the better over the past two years, a question that seems geared toward his suitability to remain on probation. Weiss also asked the court about bail on the probation violation, and mentioned a favorable probation report. The trial court granted bail on the probation

10

violation, something that would not have occurred unless that violation had been at issue during that proceeding.

Fourth, at the March 6, 2012 hearing where Rodriguez pleaded no contest to the new misdemeanor weapons possession charge, the minute order states that Rodriguez, represented by counsel, stipulated to a combined probation and sentence hearing. In anticipation of that hearing, his public defender submitted a combined sentencing memorandum for both the probation revocation case and the new charges. At the hearing, the lawyer never objected to the court imposing sentence for the probation violation. To the contrary, she waived arraignment for judgment and sentencing on that violation, complained that certain issues had not been explored at the probation violation hearing, acknowledged that she could not reopen the probation violation hearing, and stated that the preliminary hearing on the new charges and the probation violation case had been "all wrapped into one." When the trial court twice stated that Rodriguez's violation had been determined at the preliminary hearing, no objection was made.

When these are stitched together, it leaves us with little doubt that Rodriguez knew his probation revocation hearing would take place at the same time as his preliminary hearing on the new charges and the alleged violation was based on those new charges. Otherwise, an objection to sentencing Rodriguez for the violation would most certainly have been made.

When Weiss's statement concerning his limited appearance at the preliminary hearing is viewed in this light, we believe it can be reconciled with our conclusion. Once the combined preliminary hearing and probation revocation proceeding had ended, Rodriguez was briefly without representation until the public defender's office was appointed, and acted for Rodriguez in connection with both the probation revocation case and the new charges from that point on. As we read the record, Weiss's "special appearance" meant that he would represent Rodriguez to that point in time but no farther. Once the combined preliminary hearing and probation revocation proceeding ended,

11

Weiss would not represent Rodriguez should he stand trial on the new charges.[2] This interpretation best harmonizes Weiss's statement with the strong evidence from the record that both proceedings had been consolidated.

We alternatively hold that Rodriguez has waived this issue because he has failed to: cite the relevant case authority concerning resolution of conflicts in the appellate record; set forth in his statement of facts the complete record as it relates to this issue; or analyze and discuss all the facts in light of the relevant authorities. (*People v. Beltran* (2000) 82 Cal.App.4th 693, 697, fn. 5.)

3.      *No Denial of Right to Counsel*

Based on the above, because Weiss represented Rodriguez at what was known to be a combined probation revocation and preliminary hearing, we also conclude that Rodriguez was not denied the right to counsel at the revocation proceeding.

4.      *New Issues in Appellant's Reply Brief*

Rodriguez raises two new issues in his appellate reply brief: (1) because the judge who found him in violation of probation did not state his reasons, and because another judge sentenced him for that violation, there is no way to determine that he was sentenced based on the conduct that formed the basis of the probation violation finding; and (2) the trial court abused its discretion by not placing him back on probation.

---

[2]      The record reflects that at least some of the continuances from October 26, 2011, to December 22, 2011, when the public defender was appointed were to allow appellant time to secure additional funds to continue to retain attorney Weiss. This fact suggests that Weiss's earlier statement that he was only appearing for the purposes of the probation violation hearing was shorthand for stating that his current representation agreement with appellant was limited to that day (Oct. 26, 2011), not that his representation was limited to the preliminary hearing only.

Because these issues were raised for the first time in Rodriguez's reply brief, we will not consider them.  (*People v. Dixon* (2007) 153 Cal.App.4th 985, 996.)[3]

## DISPOSITION

The order revoking Rodriguez's probation and the judgment sentencing him for that violation are affirmed.


RUBIN, Acting P. J.

WE CONCUR:


FLIER, J.


GRIMES, J.

---

[3]    Even if we were to reach those issues, we would likely deem them waived for failure to make a timely objection to the trial court.