Filed 4/11/13  P. v. Dew CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>QUENTIN LEE DEW,<br><br>        Defendant and Appellant. | A136473<br><br>(San Mateo County<br>Super. Ct. Nos. SC071279A &<br>SC074181A) |

On August 5, 2010, pursuant to a plea bargain, Quentin Lee Dew entered no contest pleas to charges of second degree robbery and attempted grand theft in Superior Court, San Mateo County, case number SC071279A (Case One).  (Pen. Code, §§ 212.5, subd. (c), 487, subd. (a).)[1]  He also admitted the robbery count constituted a violent felony conviction (§ 667.5, subd. (c)(9)) and admitted a criminal street gang enhancement associated with the robbery count.  Dew entered his pleas and admissions on the understanding that the court would strike the punishment attributable to the gang enhancement and that he would not receive a state prison sentence of more than two years.  Dew's counsel stipulated there was a factual basis for his no contest plea and admission.  On the prosecution's motion, the court then dismissed other charges against Dew in accordance with the negotiated plea.

---

[1] All undesignated statutory references are to the Penal Code.

On September 10, 2010, the trial court suspended execution of a 13-year state prison sentence and placed Dew on probation for a period of four years.[2] The court ordered Dew to serve one year in county jail and, among other conditions, to obey all laws. The court advised him that if he were to violate the terms of his probation, he would be sent to state prison for 13 years. Dew accepted these conditions of probation.

On July 18, 2011, in superior court case number SC074181A (Case Two), the San Mateo County District Attorney charged Dew with second degree robbery and participating in a felony street gang. (Pen. Code, §§ 186.22, subd. (a), 212.5, subd. (c).) The criminal complaint also alleged a criminal street gang enhancement related to the robbery count and an enhancement for personal use of a firearm. (Pen. Code, §§ 186.22, subd. (b)(1), 12022.53, subd. (e).) The following day, the probation department filed a probation violation notice in Case One, and on July 20, 2011, the court summarily revoked Dew's probation in that case.

On September 2, 2011, the prosecutor filed an information in Case Two charging Dew with one count of felony second degree robbery (§ 212.5, subd. (c)), one felony count of assault with a firearm (§ 245, subd. (a)(2)), and one felony count of actively participating in a criminal street gang (§ 186.22, subd. (a)). The information also alleged a number of enhancements and probation ineligibility clauses. Dew initially entered a plea of not guilty to all three counts and denied all special allegations set forth in the information.

On May 7, 2012, Dew pleaded no contest in Case Two to one felony count of second degree robbery and one felony count of actively participating in a criminal street gang. He admitted the robbery constituted a violent felony (§ 667.5, subd. (c)(9)) and that the gang participation offense constituted a serious felony (§ 1192.7, subd. (c)(28)). He entered these pleas and admissions with the understanding that the previously suspended state prison sentence in Case One would be executed and that his sentence in

---

[2] The suspended sentence included the middle term of three years for the robbery conviction, a consecutive term of 10 years for the criminal street gang enhancement, and a concurrent term of eight months for the attempted grand theft conviction.

Case Two would run concurrent to the sentence in the prior case. Dew waived his rights under *Boykin v. Alabama* (1969) 395 U.S. 238 and *In re Tahl* (1969) 1 Cal.3d 122, and his counsel stipulated to a factual basis for the plea. On the prosecutor's motion, the court then dismissed the balance of the information.

Dew then admitted that the robbery conviction in Case Two was a violation of the condition of his probation in Case One that he obey all laws. He made this admission with the understanding that the court would execute the previously suspended 13-year sentence in Case One and after waiving his right to a contested hearing on the probation violation allegation. The court then revoked Dew's probation.

On June 29, 2012, Dew asked the court to appoint counsel to investigate filing a motion to withdraw his plea and his admission of the probation violation. The court appointed counsel for that purpose on August 3, 2012. At the sentencing hearing on August 31, 2012, newly appointed counsel informed the court that no motion to withdraw the plea would be filed.

The trial court denied probation and ordered execution of the previously suspended 13-year prison sentence in Case One. It rejected defense counsel's request to terminate probation in Case One and impose a lesser state prison sentence. The court imposed a concurrent state prison sentence of five years in Case Two, comprised of the middle term of three years for the second degree robbery and the middle term of two years for the criminal street gang participation conviction. The court also imposed restitution fines of $240 (§ 1202.4, subd. (b)), a $160 court operations assessment (§ 1465.8), a $120 criminal conviction assessment (Gov. Code, § 70373), and a $240 parole/community supervision fine (§ 1202.45) which it suspended unless community supervision were revoked.[3]

---

[3] With respect to the fines imposed, the court's oral pronouncement of sentence differs from the abstract of judgment. The court's oral ruling imposes a "$220 restitution fee" in both Case One and Case Two. The amount of these fines recorded in the abstract of judgment, however, is $240. On March 18, 2013, Dew's counsel provided us with a copy of a letter to the sentencing judge requesting that the abstract of judgment be amended to

3

Dew filed timely notices of appeal from the sentences in both cases on September 6, 2012. There is nothing in the record indicating that Dew sought issuance of a certificate of probable cause under section 1237.5. (See Cal. Rules of Court, rule 8.304(b)(1).) On November 5, 2012, we ordered counsel appointed to represent Dew in this appeal.

On February 22, 2013, appointed counsel submitted a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436, certifying that he has been unable to identify any issues for appellate review. Counsel has also submitted a declaration affirming that he has advised Dew of his right to file a supplemental brief raising any points which he wishes to call to the court's attention. No supplemental brief has been submitted.

DISCUSSION

As required, we have independently reviewed the entire record and found no arguable issues. (*People v. Kelly* (2006) 40 Cal.4th 106, 109-110.)

In addition, Dew's pleas of no contest in Cases One and Two and his admission of a probation violation restrict our review to grounds that (1) arose after the pleas and admission and (2) do not affect their validity. (§ 1237.5; Cal. Rules of Court, rule 8.304(b)(1), (4)(B); see *People v. Billetts* (1979) 89 Cal.App.3d 302, 308-309.) Moreover, since Dew did not appeal from the September 2010 order granting probation, and imposing but suspending execution of sentence in Case One, that sentence is final. (*People v. Ramirez* (2008) 159 Cal.App.4th 1412, 1421 [where defendant allows time for appeal to lapse during probationary period, sentence becomes final and unappealable].)

In Case Two, Dew received terms of imprisonment authorized by statute. (See § 186.22, subd. (a) [punishment for crime of participating in criminal street gang]; § 213, subd. (a)(2) [punishment for second degree robbery].) In any event, because he pleaded no contest to the charges pursuant to a negotiated plea agreement, we may not consider any attack on the legality of his sentence in the absence of a certificate of probable cause. (See *People v. Cuevas* (2008) 44 Cal.4th 374, 384.)

---

correct this discrepancy. As we explain, no other error that this court may address appears in the sentencing proceedings.

4

The revocation hearing in Case One complied with the due process and procedural requirements enunciated in *People v. Vickers* (1972) 8 Cal.3d 451.  Dew was represented at all times by competent counsel.  The court's decision to revoke his probation is supported by substantial evidence.  (E.g., *People v. O'Connell* (2003) 107 Cal.App.4th 1062, 1066.)

DISPOSITION

The judgment is affirmed.

_____
Jones, P.J.

We concur:

_____
Needham, J.

_____
Bruiniers, J.