Filed 7/9/21  P. v. Mejia CA6

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

### IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H048793 |
| Plaintiff and Respondent, | (Santa Cruz County Super. Ct. No. 18CR07842) |
| v. | |
| CIRILO MEJIA, | |
| Defendant and Appellant. | |

Defendant Cirilo Mejia pleaded no contest to three counts of committing a lewd act on a child under age 14 (Pen. Code, § 288, subd. (a)).[1]  The trial court committed defendant to state prison for a stipulated term of 12 years, and gave defendant 764 days of actual custody credit and 114 days of conduct credit (§§ 2900.5, 2933.1) for a total of 878 days of presentence custody credit.  Defendant timely filed a notice of appeal challenging only his sentence.  Appellate counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 on behalf of defendant.  Defendant has filed a letter.  We affirm the judgment.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

On November 22, 2018, defendant was living in a room in the same residence as the victim, who was 11 years old.  That night, the victim's mother reported to police that she could not find her daughter, who has special needs because of a diagnosis of microcephaly.  The victim's mother looked and found the bathroom door was locked.

---

[1] All further references are to the Penal Code unless otherwise indicated.

The victim's mother called out for her daughter and heard " 'Ma' " in response. She directed her daughter to unlock the door, and she did so. The victim appeared frightened. The victim's mother discovered defendant behind the shower curtain with his pants partway down and asked what he had done. Defendant responded that he did not do anything.

The victim's mother later placed a pretext phone call to defendant during which defendant stated, " 'I did nothing. I was going to be with her, but, no. I was going to rape her, but, no. Then you knocked on the door and I left. I hid because I believe[d] you were going to hit or kill me. That's why.' " On December 20, 2018, defendant was arrested. In an interview with police, he admitted to consuming seven or eight beers and one or two drinks of whiskey on the night of the incident. He went to the bathroom, and the victim was outside. He took the victim into the bathroom and locked the door. Defendant lowered his pants and the victim's pants and underwear and began touching himself. While holding the victim's buttocks, defendant tried to penetrate the victim but was unable to do so. As he tried again to penetrate the victim, the victim's mother knocked on the door and he hid behind the shower curtain.

Defendant was charged with kidnapping for the purpose of rape (count 1; § 209, subd. (b)(1)), attempted rape of a person incapable of giving consent because of a mental disorder or developmental or physical disability (counts 2-3; §§ 261, subd. (a)(1), 664), committing a forcible lewd act on a child under age 14 (counts 4-5; § 288, subd. (b)(1)), and committing a lewd act on a child under age 14 (counts 6-8; § 288, subd. (a)).

At the change of plea hearing, the trial court stated that defendant would be sentenced to a 12-year prison term pursuant to a negotiated agreement. The trial court advised defendant of the immigration consequences of his plea. Defendant was also advised of his rights to a jury trial, to cross-examine witnesses, to testify, to present a defense, and to remain silent. Defendant, who was assisted by a Mixteco language interpreter, stated that he understood his rights and waived them. Both the prosecutor and

defense counsel stipulated to a factual basis for the pleas. Defendant agreed that he had enough time to speak with his attorney, that he was not threatened or promised anything other than what was stated in court, and that he was not under the influence of anything that interfered with his ability to make well-reasoned decisions. Defendant pleaded no contest to counts six through eight. On January 21, 2021, the trial court sentenced defendant as described above.

Appointed appellate counsel has filed an opening brief that states the case and the facts but raises no issues. Defendant was notified of his right to submit written argument on his own behalf, and he submitted a letter in which he raises several concerns.

Defendant states that the "two lawyers" who worked on his case never investigated his case, "they only took the words that the detective asked me when they arrested me . . . ." Defendant states that he told his lawyer he did not understand the questions that the detective asked him "because I speak another dialect which is Mixteco and then they found me an interpreter in Mixteco, but they never asked anyone to investigate my case . . . ." Defendant also requests that this court review his time in county jail to see if "they took away my credits, because I know that it counts double for all the time I am in the county."

Defendant is precluded from challenging the validity of his plea on appeal because he failed to timely obtain a certificate of probable cause. "A guilty [or no contest] plea amounts to an admission of every element of the crime and is the equivalent of a conviction." (*People v. Ward* (1967) 66 Cal.2d 571, 574; *People v. Mendez* (1999) 19 Cal.4th 1084, 1094.) "No appeal shall be taken by the defendant from a judgment of conviction upon a plea of guilty or nolo contendere . . . except where **both** of the following are met: [¶] (a) The defendant has filed with the trial court a written statement, executed under oath or penalty of perjury showing reasonable constitutional, jurisdictional, or other grounds going to the legality of the proceedings. [¶] (b) The trial court has executed and filed a certificate of probable cause for such appeal with the

county clerk." (§ 1237.5, emphasis added.) This requirement applies to defendant's suggestion that trial counsel was ineffective. (*In re Chavez* (2003) 30 Cal.4th 643, 651.) Thus, defendant's claims about the validity of the plea are not cognizable in this appeal.

As for defendant's sentencing claim, which is cognizable in this appeal, we conclude he is not entitled to additional custody credit. Defendant was arrested on December 20, 2018 and sentenced on January 21, 2021, which means defendant was in actual custody for 764 days. Under section 2933.1, subdivision (c), "the maximum credit that may be earned against a period of confinement in . . . a county jail . . . following arrest and prior to placement in the custody of the Director of Corrections, shall not exceed 15 percent of the actual period of confinement for any person" convicted of a violent felony listed in section 667.5, subdivision (c). (§ 2933.1, subds. (c), (a).) Committing a lewd act on a child is a violent felony. (§ 667.5, subd. (c)(6).) Thus, defendant was entitled to no more than 15 percent conduct credit, which based on 764 days of actual custody resulted in 114 days of conduct credit, for a total of 878 days of presentence custody credit.

Having examined the entire record, we conclude that there are no arguable issues on appeal.

## II.    DISPOSITION

The judgment is affirmed.

_____

ELIA, ACTING P.J.

WE CONCUR:


_____

GROVER, J.


_____

DANNER, J.


*People v. Mejia*
H048793