[Crim. No. 2607. Third Dist. Apr. 20, 1955.]

THE PEOPLE, Respondent, v. C. L. ATCHLEY, Appellant.

C. L. Atchley, in pro per., for Appellant.

Edmund G. Brown, Attorney General, and G. A. Strader, Deputy Attorney General, for Respondent.

VAN DYKE, P. J.—Appellant was charged by information with the crime of murder and with the crime of assault with a deadly weapon with intent to commit murder. He was represented by counsel. A jury was selected and the trial proceeded for several days, during which time the prosecution was engaged in putting on its case. A brief statement

of the showing made by the prosecution follows: Appellant and Helen Hilliard had been living together for a considerable time. Shortly before the happening of the events with which we are here directly concerned Helen and appellant had separated and she had married a Mr. Hilliard who was residing on a farm owned and operated by Richard Moore. Appellant undertook to persuade Helen to return to him notwithstanding her marriage to Hilliard. This she refused to do. Due to his actions Moore had told appellant to stay away from Moore's place. Appellant thereupon sent Neva Dilday, a woman acquaintance, to see Helen on the Moore place and to intercede with her to return to appellant. Again Helen refused. Shortly thereafter appellant again sent Neva Dilday to intercede with Helen. The two women were sitting on the front porch of the Moore residence and Moore was in the back part of the house. The two women heard Moore exclaim "No, no, don't do that." The words were followed by a shot and Moore came staggering through to the front porch bleeding from a gunshot wound. He went down the steps a little way along the path to the public road and there fell to the ground. Helen went to him and knelt beside him in an endeavor to aid him. Defendant came around the house carrying a shotgun and a pistol. He walked up to Helen and shot her in the arm. She begged him to cease shooting, promising she would return to him as he had requested. Nevertheless, he shot her through the back as she knelt on the ground. He then fired a second shot into the prostrate body of Moore. Moore died from the effects of the gunshot wounds, but Helen recovered. By this time Neva Dilday had fled the scene and returned to the car in which both had come to the Moore place. Appellant followed her to the car and drove to a neighbor's home. He handed over the guns, stating that he had killed two people. He requested the neighbor to "call the law." On his way there in the car he had told Neva Dilday that he had killed Moore and Helen and that he ought to have killed two more people while he was at it.

When the foregoing evidence had been received appellant through his counsel asked leave of court to withdraw the pleas which he had entered and this request was granted. He thereupon pleaded guilty to both counts and the trial court, as shown by its minutes, thereupon discharged the jury, set a day for the passing of sentence, and on that day, and based on the plea of guilty to the murder count and on the evidence that far received, found the appellant guilty of

murder in the first degree and sentenced him to life imprisonment. The sentence on the count charging assault with a deadly weapon with intent to commit murder was for the period prescribed by law.

On this appeal appellant is representing himself. He advances various contentions, all of which have been carefully examined and none of which can be sustained. ■ His contention that he was denied a speedy trial falls before the record. The information was filed August 30, 1954. The minutes of the trial court show that appellant in open court waived all time limitations and thereupon the trial was set for November 8th. On October 28th, at the specific request of counsel for appellant, the trial court continued the trial date to November 15th. The trial actually was begun on the 16th.

■ Appellant complains that the information did not charge him with the crime of murder of the first degree and that his plea of guilty to the charge made did not encompass a plea of guilty to that degree of murder. The information was in the form authorized by section 809 of the Penal Code and section 951 of the Penal Code and was in the form usually employed in homicide cases. It was sufficient and is not vulnerable to the attack made against it. (*People* v. *Mendez,* 27 Cal.2d 20 [161 P.2d 929].) His plea, personally announced by him, was a plea admitting his guilt of murder and authorized the court to determine the degree. (Pen. Code, § 1192.)

■ Appellant challenges the sufficiency of the evidence to uphold a finding of murder of the first degree. The contention is not tenable. We think it obvious from the previous recital of the facts that the evidence upon which the court based its finding of first degree murder amply sustains that finding. It affords full support for an inference that appellant killed Moore wilfully, deliberately and with premeditation.

Appellant makes a series of contentions which may be stated generally. He contends there was "no open court trial" as guaranteed by the Constitution; that he was not allowed to seek his own attorney; that he was not allowed to produce witnesses and not permitted a jury trial; that he was "not present at the trial"; that the judge and district attorney were guilty of misconduct; that his attorney sold him out to the prosecution. The record is utterly devoid of any support for any of the foregoing contentions.

The judgment is affirmed.

Peek, J., and Schottky, J., concurred.