[Crim. No. 1269.    Fourth Dist.    Nov. 30, 1959.]

THE PEOPLE, Respondent, v. ERNEST FRED HARRIS et al., Defendants; DOROTHY ELLIOT, Appellant.

Dorothy Elliot, in pro. per., for Appellant.

Stanley Mosk, Attorney General, and William E. James, Assistant Attorney General, for Respondent.

MONROE, J. pro tem.*—The defendant and appellant Dorothy Elliot appeals from a judgment of conviction of burglary in the first degree upon four counts.    In the formal

*Assigned by Chairman of Judicial Council.

notice of appeal she states: "I ask the appeal on the grounds that I was not represented by Counsel. I did not understand I was pleading guilty to Burglary, 1st degree. I thought I was pleading guilty to being along. I didn't know the amount of the sentence for 1st degree burglary."

No brief has been filed and there is nothing in the record to question the guilt of appellant.   The court has examined the records of the proceedings and finds the facts to be that at the arraignment of appellant, she was regularly and properly notified of her rights as required by law, including the right to be represented by counsel. She stated to the court that she did not want counsel and pleaded guilty to the charge. There is therefore no merit to the appeal.

In a brief filed by the attorney general, however, attention is called to the fact that no evidence was taken as to the degree of the crime charged. It is provided by Penal Code, section 1192, that upon a plea of guilty to a crime divided into degrees, the court, before passing sentence, must determine the degree. It is held that under such condition the court is required to take evidence, although the determination is not in fact a trial. (*People* v. *Von Braun Selz,* 138 Cal.App.2d 205 [291 P.2d 186]; *People* v. *Verdier,* 96 Cal. App.2d 29 [214 P.2d 433].) The reason for this situation appears to be that several individuals, including the appellant, were prosecuted for a series of burglaries and doubtless the trial judge felt that he had sufficient information to determine the degree of the offense charged. However, under the various decisions upon the matter it is indicated that evidence should nevertheless be taken in the proceeding of the defendant to be sentenced. In order that the propriety of the imprisonment of the defendant be completely set at rest, the defendant should be recalled and evidence taken upon the degree of the offense and she should again be sentenced.

The judgment appealed from is affirmed except that the order fixing the degree of crime is reversed with directions to the court below to determine the degree of the crime upon evidence taken for that purpose, thereafter to pronounce judgment on appellant accordingly.

Griffin, P. J., and Mussell, J., concurred.