[Crim. No. 10714. In Bank. Apr. 28, 1967.]

THE PEOPLE, Plaintiff and Respondent, v. JOHN CLAR-
ENCE WARD, Defendant and Appellant.

John Clarence Ward, in pro. per., and Don Edgar Burris, under appointment by the Supreme Court, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, and William E. James, Assistant Attorney General, for Plaintiff and Respondent.

MOSK, J. — Defendant, John Clarence Ward, pleaded guilty to an information charging him with murder, in violation of section 187 of the Penal Code.[1] The degree of the crime was not specified in the information or in the plea. The trial court sitting without a jury proceeded to determine the degree of the crime[2] and the punishment to be imposed. The court found the killing to be of the first degree, and it imposed punishment of life imprisonment.

Defendant filed a notice of appeal, and thereafter the prosecution moved to dismiss the appeal on the ground of failure to comply with section 1237.5 of the Penal Code. The motion to dismiss was granted by the Court of Appeal, and the sole question for our determination is whether the requirements of section 1237.5 are applicable where a defendant, after a plea of guilty, does not attack the validity of his guilty plea but merely asserts that errors were committed in the proceedings

---

[1]Section 187 of the Penal Code provides: ''Murder is the unlawful killing of a human being, with malice aforethought.''

[2]Section 1192 of the Penal Code states: ''Upon a plea of guilty, or upon conviction by the court without a jury, of a crime distinguished or divided into degrees, the court must, before passing sentence, determine the degree. Upon the failure of the court to so determine, the degree of the crime of which the defendant is guilty, shall be deemed to be of the lesser degree.''

held subsequently to determine the degree of his crime.[3]

Section 1237.5 of the Penal Code provides: "No appeal shall be taken by defendant from a judgment of conviction upon a plea of guilty or nolo contendere, except where: (a) The defendant has filed with the trial court a written statement, executed under oath or penalty of perjury showing reasonable constitutional, jurisdictional, or other grounds going to the legality of the proceedings; and (b) The trial court has executed and filed a certificate of probable cause for such appeal with the county clerk."

The information charging defendant with murder in violation of section 187 was filed on March 29, 1965. He initially pleaded not guilty but, on November 8, 1965, he personally withdrew this plea and entered a plea of " 'Guilty' to Murder (187 Pen. Code)." He waived a trial by jury as to the degree of the crime and stipulated that the trial court could, in making its determination, consider certain evidence in addition to the testimony to be taken on the issue of degree. This proceeding lasted for six days, and at its conclusion the court found that, although defendant was intoxicated at the time the crime was committed, he had sufficient mental capacity to form the specific intent to kill with premeditation and deliberation, and it found the murder to be of the first degree. Defendant waived a jury trial on the penalty issue, stipulated to the evidence which could be considered thereon, and the court fixed the punishment at life imprisonment.

Defendant filed a timely notice of appeal from the ensuing judgment but did not, within the time prescribed by rule 31(d) of the California Rules of Court, file the certificate specified in section 1237.5.[4] On October 25, 1966, the prosecu-

[3]In a notice of appeal filed 10 days after judgment was rendered defendant stated that he was appealing from "the judgment." Thereafter, in a supplementary notice of appeal, he made it clear that the first notice was not filed for the purpose of challenging the propriety of the guilty plea but was only intended "to test the validity of the court's finding on the issue of degree. . . ."

[4]Rule 31(d) of the California Rules of Court was designed to implement the provisions of section 1237.5. It provides: "In cases in which a judgment of conviction was entered upon a plea of guilty or nolo contendere, the defendant shall file his notice of appeal within 10 days after the rendition of judgment, but the appeal shall not be operative unless the defendant files the statement, and the trial court executes and files the certificate of probable cause, required by section 1237.5 of the Penal Code. The defendant shall file such statement within 10 days after the rendition of judgment and when filed within such period it shall serve as a notice of appeal if no other notice of appeal is filed. Where a timely notice of appeal has been filed, the trial court may, for good cause, per-

tion moved to dismiss the appeal on the ground that defendant was appealing from a judgment on a plea of guilty and had failed to comply with the requirements of section 1237.5, and the motion was granted.

We conclude that defendant was not required to comply with the provisions of section 1237.5 where, as here, he is not attempting to challenge the validity of his plea of guilty but is asserting only that errors occurred in the subsequent adversary hearings conducted by the trial court for the purpose of determining the degree of the crime and the penalty to be imposed.

The information charged that defendant was guilty of murder in violation of section 187 of the Penal Code, and his plea of guilty was confined to a violation of that statute. A guilty plea amounts to an admission of every element of the crime and is the equivalent of a conviction. (*People* v. *Jones* (1959) 52 Cal.2d 636, 651 [343 P.2d 577].) Thus defendant conceded by his plea that he had unlawfully killed the victim with malice aforethought. But he admitted no more. The Penal Code provides that where a crime is divided into degrees, a defendant may plead guilty to a particular degree of the crime (Pen. Code, §§ 1192.1, 1192.2) but it has also provided since 1872 that if he enters a plea of guilty without specifying the degree, the jury or the trial court must then proceed to make a determination of that issue. (Pen. Code, §§ 1157, 1192.) Different rules apply where a defendant attempts to assert the invalidity of his guilty plea than where he is not seeking to vacate the plea but claims, rather, that errors occurred in the proceedings held subsequent to the plea for the purpose of determining the degree of the crime and the penalty to be imposed. In spite of the fact that section 1237.5 refers generally to an appeal "from a judgment of conviction upon a plea of guilty" it seems clear that the section was intended to apply only to a situation in which a defendant claims that his plea of guilty was invalid.

---

mit the filing of the defendant's statement beyond the 10-day period but not later than 40 days after the rendition of judgment. Within 60 days after the rendition of judgment the trial court shall execute and file either a certificate of probable cause or an order denying such a certificate and shall forthwith notify the parties of the granting or denial of such certificate.

"The time for preparing, certifying and filing the record on appeal or for filing an agreed statement shall commence to run when the appeal becomes operative."

When a defendant pleads guilty to a crime not divided into degrees (or when he pleads guilty to a particular degree of the crime) no trial is held on the question of guilt and there are no controverted issues, since he admits every element of the crime, and the plea necessarily results in a judgment of conviction. Under these circumstances there is rationale for confining the right of appeal to a situation in which fundamental errors may have occurred. ▪ Even prior to the 1965 enactment of section 1237.5 a defendant could attack the validity of his guilty plea only upon limited appeal grounds, such as lack of jurisdiction of the trial court or the legality of the proceedings. (*Stephens* v. *Toomey* (1959) 51 Cal.2d 864, 870 [338 P.2d 182].) Section 1237.5, while codifying and perhaps somewhat broadening these grounds, added provisions, not previously set forth, that one of the specified grounds for appeal be stated by the defendant in a declaration under penalty of perjury and that a certificate of probable cause for the appeal be filed by the trial judge. ▪ The primary purpose of these new requirements is to prevent frivolous appeals challenging the validity of guilty pleas.

▪ There is no justification, however, for applying the section to the altogether distinct procedures followed where a defendant asserts that errors occurred in the hearing held, *after* his plea was entered, on the degree of the crime and the penalty to be imposed. So far as we have been able to determine, the right of an aggrieved defendant to appeal from a court's determination on these issues has never been questioned (see, e.g., *People* v. *Washington* (1962) 204 Cal.App.2d 206 [22 Cal.Rptr. 185] ; *People* v. *McCoy* (1961) 195 Cal.App. 2d 570 [15 Cal.Rptr. 924] ; *People* v. *Atchley* (1955) 132 Cal.App.2d 444 [282 P.2d 160] ; *People* v. *Vaiz* (1942) 55 Cal.App.2d 714 [131 P.2d 407] ; *People* v. *Hammond* (1938) 26 Cal.App.2d 145 [78 P.2d 1172] ; *People* v. *Connors* (1932) 124 Cal.App. 216 [12 P.2d 43] ; *People* v. *Cosgrove* (1920) 48 Cal.App. 710 [192 P. 165]) albeit the right to challenge a guilty plea on appeal has always been circumscribed.

▪ It has been said that a hearing for the purpose of determining the degree of an offense and the punishment to be imposed is not a ''trial in the full technical sense, and is not governed by the same strict rules of procedure as a trial.'' (*People* v. *Thomas* (1951) 37 Cal.2d 74, 76-77 [230 P.2d 351].) However, the trier of fact must take evidence (*People* v. *Harris* (1959) 175 Cal.App.2d 678, 679 [346 P.2d 442])

and a defendant is entitled to the same basic constitutional guarantees and the prosecution held to the same burden of proof as in a case in which the defendant pleads not guilty *(People* v. *Kerr* (1951) 37 Cal.2d 11, 15 [229 P.2d 777] ; see *People* v. *Hooper* (1950) 35 Cal.2d 165, 169 [216 P.2d 876]). Thus where a defendant, after a plea of guilty, has confined his appeal to the propriety of proceedings to determine the degree of the offense and the punishment to be imposed, appellate courts have reviewed such asserted errors in the conduct and conclusion of the hearing as insufficiency of the evidence to support a finding of deliberation and premeditation *(People* v. *Atchley* (1955) *supra,* 132 Cal.App. 2d 444) or a finding that the defendants were armed with a dangerous weapon *(People* v. *Hall* (1930) 105 Cal.App. 359, 361 [287 P. 533]) and the propriety of the receipt of hearsay evidence without giving the defendant an opportunity to show its falsity *(People* v. *Verdier* (1950) 96 Cal.App.2d 29, 32-33 [214 P.2d 433] ; *People* v. *O'Brien* (1932) 122 Cal.App. 147, 156-157 [9 P.2d 902]). On appeals before this court from judgments imposing the death penalty (Pen. Code, § 1239, subd. (b)) where, after a plea of guilty, a hearing on the questions of degree and punishment have been held, defendants have raised and we have reviewed an assortment of asserted errors in the hearings on these issues not of the fundamental type specified in section 1237.5. (See, e.g, *People* v. *Thomas* (1951) *supra,* 37 Cal.2d 74; *People* v. *Jackson* (1950) 36 Cal.2d 281 [223 P.2d 236] ; *People* v. *Hooper* (1950) *supra,* 35 Cal.2d 165; *People* v. *Williams* (1939) 14 Cal.2d 532 [95 P.2d 456].)

To impose the requirements of section 1237.5 in the instant case would result not only in denying a defendant an appeal in a situation in which an appeal has always been permitted as a matter of right, but also in limiting the grounds of appeal to errors of the type described in section 1237.5 although no such limitation has previously been imposed. The concomitant of such a construction would mean, for example, that the prosecution must meet its traditional burden of proof in a hearing held for the purpose of determining the degree of a crime, but paradoxically a defendant would be denied the right to question on appeal whether the burden had been met. There is no rational basis to hold that section 1237.5 was intended to accomplish such radical departure from settled principles. The primary purpose of the section, to prevent the taking of frivolous appeals based on

the asserted invalidity of pleas of guilty, must not be confused with the entirely separate and settled procedure relating to the determination of asserted errors occurring in subsequent hearings to ascertain the degree of a crime and the penalty to be imposed.

The motion to dismiss the appeal is denied.

Traynor, C. J., McComb, J., Peters, J., Tobriner, J., Burke, J., and Sullivan, J., concurred.