Filed 10/28/21  P. v. Rodgers CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>LARRY LEE RODGERS,<br><br>    Defendant and Appellant. | H047345<br>(Santa Clara County<br>Super. Ct. No. 216392) |

Defendant Larry Lee Rodgers filed an appeal, and his appointed appellate counsel filed an opening brief that states the case and the facts but raises no issues. Defendant was notified of his right to submit written argument on his own behalf, and he has filed a letter.  In his letter, he questions the term he received for a kidnapping in a separate case that was sentenced at the same time as this case.  He also complains that the police were lying about the facts of the drug cases.  We have reviewed the record for arguable issues under *People v. Wende* (1979) 25 Cal.3d 436 and found none.  We also conclude that defendant has not raised any arguable issues.

I.    FACTS

On the morning of January 25, 2016, police officers responded to a report that a man and a woman in a car parked in a residential neighborhood were "taking their clothes off inside of the vehicle."  When a police officer approached the car, he saw that defendant was sitting in the car with a woman.  Defendant rolled down the window, and the officer immediately smelled unburned marijuana coming from the car.  He asked defendant about the marijuana, and defendant pulled a small baggie of

marijuana out of the center console and showed it to the officer.[1]  Defendant claimed to have a medical marijuana card, but he did not provide one.  A nonconsensual search of the car ensued, which turned up cocaine base, methamphetamine, and more marijuana, along with multiple cellphones.  The cocaine base was individually packaged in 16 baggies, each of which contained one rock.  The bag of methamphetamine weighed 4.5 grams.  No medical marijuana card was found.

On May 1, 2016, shortly before 11:00 p.m., defendant was driving a car with Cherie Taylor as his passenger when they were pulled over by the police after defendant failed to stop at a stop sign.  After the police initiated the stop, but before he pulled over, defendant took a small plastic bag out of his pocket, handed it to Taylor, and told her to "Stash this" because he was going to be searched.  She stuck the bag between her breasts.  Defendant consented to a search of his person, and a baggie of crack cocaine and a baggie of methamphetamine were found on his person along with $568 in cash.  Taylor subsequently turned the baggie defendant had given her over to the police and told them that defendant had asked her to hold it for him.  This baggie contained 46 small baggies of cocaine base.  Defendant called her later and was very angry at her for "giving up, I guess his drugs."  He told her to say the drugs were hers.

On November 1, 2016, defendant sold a rock of cocaine base to an undercover police officer inside a moving car.

## II.    PROCEDURAL BACKGROUND

Defendant was indicted on 19 counts:  possession of methamphetamine for sale (Health & Saf. Code, § 11378),[2] transportation of methamphetamine (§ 11379, subd. (a)), three counts of possession of cocaine base for sale (§ 11351.5), five counts

---

[1] This baggie of marijuana weighed 3.9 grams.

[2] All further statutory references are to the Health and Safety Code unless otherwise indicated.

of transportation of cocaine base (§ 11352, subd. (a)), two counts of possession of cocaine for sale (§ 11351), two counts of transportation of cocaine (§ 11352, subd. (a)), misdemeanor possession of marijuana for sale (§ 11359, subd. (b)), misdemeanor possession of controlled substance paraphernalia (§ 11364), misdemeanor resisting an officer (Pen. Code, § 148, subd. (a)(1)), misdemeanor driving with a suspended license (Veh. Code, § 14601.1, subd. (a)), and misdemeanor possession of methamphetamine (§ 11377, subd. (a)). The indictment also alleged that defendant had suffered 10 prior controlled substance convictions (§§ 11370.2, subds. (a), (c), 11370, subds. (a), (c)), had served a prison term for a prior felony conviction (Pen. Code, § 667.5, subd. (b), and, at the time of the commission of 10 of the counts, had been out of custody on bail (Pen. Code, § 12022.1).

Defendant moved to suppress evidence seized as a result of the January 25, 2016 search of his person and car. At the suppression hearing, Santa Clara County Sheriff's Deputy Chad Brittendahl testified that he approached the passenger's side of a parked car, and he saw a woman in the passenger seat and defendant in the driver's seat. Another officer approached the driver's side door. As Brittendahl approached, defendant rolled down the passenger's side window, and Brittendahl could smell the odor of unburned marijuana. Brittendahl said " 'Hey, how are you today" and asked for a driver's license. Defendant provided his driver's license, and Brittendahl took it back to his vehicle to do a records check. When he returned to the car, he told defendant that he smelled marijuana and inquired whether there was marijuana in the car. Defendant told Brittendahl that he had an eighth of an ounce, and showed Brittendahl a plastic baggie of marijuana. Brittendahl asked defendant to step out of the car, and defendant claimed that he had a medical marijuana card, though he did not provide one.

Brittendahl asked for consent to search, but defendant declined. Brittendahl searched the car anyway "[t]o determine if there was additional marijuana and if it was

3

personal use or if he had his medical marijuana card that I could confirm."[3] He found cocaine, methamphetamine, and more marijuana along with a cellphone and a tablet in a backpack that was in the backseat of the car. A sweater on the backseat contained another cellphone and baggies with residue on them. Brittendahl found another cellphone in the driver's seat. Defendant was arrested. The court denied defendant's suppression motion because it found that the search was justified by Brittendahl's detection of the odor of marijuana.

Defendant entered into a plea agreement to resolve this case. He pleaded no contest to three counts of transportation of cocaine base and one count of possession of methamphetamine for sale in exchange for dismissal of the remaining counts and allegations and a specified prison term of 4 years 8 months, which would be imposed consecutive to the nine-year prison term that defendant was going to receive in an unrelated kidnapping case. The possession for sale count (count 1) and one of the three transportation counts (count 4) to which he pleaded arose from the January 25, 2016 search. The other two counts, (count 8) and (count 10), arose from the May 1, 2016 and November 1, 2016 events.

At the beginning of the sentencing hearing, defendant requested a *Marsden*[4] hearing. At the *Marsden* hearing, defendant asked to withdraw his plea. He asserted that he had been affected by medication when he entered his plea. Defendant maintained that there was evidence that should have been considered on his behalf and that the evidence against him should have been excluded. He also raised some questions about the nature of the agreed sentence. His trial counsel explained that defendant had been fully advised of the consequences of his plea before he entered it,

---

[3] This encounter occurred before non-medical marijuana possession was legalized in California.

[4] *People v. Marsden* (1970) 2 Cal.3d 118 (*Marsden*).

so there was no basis for her to bring a motion to withdraw the plea. The court found that there was no basis to withdraw the plea, and it denied defendant's *Marsden* motion.

In this case, the court imposed the specified term to which defendant had agreed, which was consecutive to the sentence in defendant's unrelated kidnapping case.[5] The court imposed consecutive one-third the midterm sentences for each of the four counts, for a total of 4 years 8 months. The court stayed or waived all of the fines and fees. Defendant timely filed a notice of appeal from the judgment. He did not request a certificate of probable cause.

## III. DISCUSSION

Defendant's appointed appellate counsel has raised no issues on appeal and asks this court to review the record under *Wende* to determine whether there are any arguable issues. We have reviewed the record, and we find no arguable issues. Defendant was notified of his right to submit written argument on his own behalf, and he has filed a letter in which he questions the term he received for the unrelated kidnapping case, which is currently the subject of a separate appeal in this court. He also asserts that the police officers lied about the circumstances of the drug arrests. Since the unrelated kidnapping case is not before us in this appeal, we do not address defendant's assertions concerning it. As he pleaded no contest to the drug counts and did not obtain a certificate of probable cause, he cannot challenge the factual basis for his pleas. (*People v. Ward* (1967) 66 Cal.2d 571, 573-574; Pen. Code, § 1237.5.)

---

[5] In the unrelated case, the court imposed the indicated sentence, which consisted of the aggravated term of eight years for the kidnapping count and a consecutive one-year term, which was one-third of the midterm, for a second count. He received concurrent terms for the other counts, and the firearm enhancements were stricken. The court struck the punishment for the prison prior in that case. The court waived all of the fines and fees, and it made a general order of restitution.

## IV. DISPOSITION

The judgment is affirmed.

                       _____

                       ELIA, ACTING P.J.

WE CONCUR:

_____

BAMATTRE-MANOUKIAN, J.

_____

LIE, J.

*People v. Rodgers*
H047345