Filed 12/13/24  P. v. Beltran CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G062895 |
| v. | (Super. Ct. No. 13NF1429) |
| HUGO DAVID BELTRAN, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a judgment of the Superior Court of Orange County, Jonathan S. Fish, Judge. Reversed and remanded as directed.

Cynthia M. Jones, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Eric A. Swenson, Felicity Senoski, and Christine Y. Friedman, Deputy Attorneys General, for Plaintiff and Respondent.

\*          \*          \*

Hugo David Beltran pleaded guilty in October 2018 to attempted murder and street terrorism as a member of the Eastside Anaheim street gang. In the factual basis of his plea form,[1] Beltran admitted he, along with other Eastside Anaheim gang members, "intentionally attempted to kill" the victim, that he personally used a firearm during the crime and personally caused great bodily injury. When he petitioned the court for vacatur of conviction and resentencing under Penal Code section 1172.6[2], his petition was summarily denied.

We find the record of conviction did not conclusively demonstrate Beltran's ineligibility for relief because it was possible that the intent he admitted was imputed to him based on his participation in criminal behavior with other gang members. We therefore reverse the ruling of the trial court summarily denying his petition, and remand the matter for an evidentiary hearing.

FACTUAL AND PROCEDURAL HISTORY

A felony complaint was filed against Beltran on May 2, 2013 for attempted murder committed willfully, deliberately, and with premeditation, shooting at an inhabited dwelling, and street terrorism with multiple firearm and gang enhancements. The incident in question took place on or about December 31, 2011.

---

[1] The plea form is often called a "*Tahl* form" after the California Supreme Court opinion *In re Tahl* (1969) 1 Cal.3d 122 (*Tahl*) overruled on other grounds in *Mills v. Municipal Court* (1973) 10 Cal.3d 288, 291.

[2] Section 1170.95 was re-numbered section 1172.6 in 2022, with no change in text. (Stats. 2022, ch. 58, § 10.); all statutory references are to the Penal Code.

Beltran initially pleaded not guilty to the charges. However, in October 2016, he agreed to plead guilty to the attempted murder and street terrorism charges, and to admit enhancements for criminal street gang activity (§ 186.22, subd. (b)(1)), gang member vicarious discharge of a firearm causing great bodily injury (§ 12022.53, subd. (b)), and great bodily injury. (§ 12022.7, subd. (a).) The enhancement for willful, deliberate, and premeditated attempted murder under section 664, subdivision (a) was dismissed.

In his *Tahl* form, Beltran stated that, on December 31, 2011, "I, along with other Eastside Anaheim gang members, intentionally attempted to kill John Doe, a human being. I personally used a handgun during the commission of this crime and I personally caused great bodily injury. I committed this crime for the benefit of and in association with Eastside Anaheim gang members to further criminal conduct by members of that gang. I was also a member/active participant in Eastside Anaheim gang, a criminal street gang within the meaning of [section] 186.22, and I aided and abetted other Eastside Anaheim gang members with the intent to promote, further and assist the gang."

The court found a factual basis for the plea and accepted it. Beltran was sentenced to the middle term of seven years on the attempted murder count, with the gang enhancement stricken for purposes of sentencing only. The court found true the enhancement for personal use of a firearm under section 12022.53, subdivision (b), as well as the enhancement for infliction of great bodily injury under section 12022.7, subdivision (a). In total, the court sentenced Beltran to 20 years in prison.

In May 2023, Beltran filed a petition to vacate conviction and for resentencing under section 1172.6. The People filed a response to the

petition, and requested a hearing on Beltran's prima facie eligibility for relief. The People argued that the details Beltran admitted in his plea agreement established that he was the actual perpetrator of the attempted murder, and there were no other individuals charged with a crime.

The trial court denied the petition, finding "an insufficient prima facie showing that the prosecution relied upon a theory of culpability for attempted murder that is inconsistent with the present definition (requiring a specific intent to kill)."

## DISCUSSION

### I.

### STANDARD OF REVIEW

When a trial court determines that a petitioner is conclusively ineligible for section 1172.6 relief based on the record of conviction, we review its determination independently. (See *People v. Eynon* (2021) 68 Cal.App.5th 967, 975 (*Eynon*).)

### II.

### PETITION FOR VACATUR OR RESENTENCING UNDER SECTION 1172.6

"When a trial court reviews a petition for resentencing under section 1172.6, it must first decide if the petitioner has established a prima facie case for relief under the statute. ([*People v.*] *Lewis* [2021] 11 Cal.5th 952[,] 971 [(*Lewis*)].) The court accepts the allegations as true and determines whether the petitioner would be entitled to relief if he or she proves the allegations. (*Ibid.*) In making its evaluation, the court may review the record of conviction—including the charging documents, jury instructions, verdicts, and to a limited extent any prior appellate opinion—to determine if the petitioner's allegations are conclusively rebutted by the record. (*Id.* at p. 972; *People v. Strong* (2022) 13 Cal.5th 698, 708.) But the court may not engage in

4

factfinding and weighing credibility at the prima facie stage of petition review. (*Lewis*, [*supra*,] at p. 971.)" (*People v. Lovejoy* (2024) 101 Cal.App.5th 860, 864-865.) "Because the petition's allegations must be accepted as true, the only basis to refuse to issue an order to show cause is if the record of conviction conclusively demonstrates [the petitioner] was not entitled to relief as a matter of law. (*Lewis*, [at p. 971].)" (*People v. Williams* (2022) 86 Cal.App.5th 1244, 1251.)

III.

### THE RECORD OF CONVICTION DOES NOT CONCLUSIVELY DEMONSTRATE THAT BELTRAN PLEADED GUILTY TO ATTEMPTED MURDER UNDER A CURRENTLY VALID THEORY

"A guilty plea is a judicial admission. [Citation.] It 'amounts to an admission of every element of the crime and is the equivalent of a conviction.' (*People v. Ward* (1967) 66 Cal.2d 571, 574.)" (*People v. Rodriguez* (2024) 103 Cal.App.5th 451, 458 (*Rodriguez*).) Where a petitioner has been convicted by way of a guilty plea, the record of conviction includes any facts he admitted as the factual basis for his plea. (See *People v. Ramos* (2024) 103 Cal.App.5th 460, 464-465 (*Ramos*); *People v. Saavedra* (2023) 96 Cal.App.5th 444, 449-450 (*Saavedra*).) As our court recently found in *Ramos*, it is possible for the factual admissions in a guilty plea to conclusively demonstrate statutory ineligibility for resentencing relief. (*Ramos, supra,* at p. 465.)

The petitioner in *Ramos* was charged with premeditated attempted murder along with two codefendants. It was also alleged that the crimes were committed for the benefit of a street gang. (*Ramos, supra,* 106 Cal.App.5th at p. 463.) Ramos pleaded guilty to all counts and admitted the gang enhancement. In his plea form, he admitted that he "'aided/abetted, with the specific intent to kill, the attempt to kill John Doe . . .'" (*Ibid.*) We found this language sufficient to indicate Ramos admitted he directly aided

5

and abetted the attempted murder. (*Id.* at p. 466.) Since direct aiding and abetting is still a legally valid theory, he was ineligible for relief.

In *Saavedra*, our court held that a petitioner who had pleaded guilty to attempted, deliberate and premeditated murder could not make out a prima facie case for relief because the factual basis of his plea was that he "'willfully, unlawfully and with malice aforethought attempted to murder [three] human beings, by personally discharging a firearm at the vehicle [they] were occupying . . .'" (*Saavedra, supra,* 96 Cal.App.5th at pp. 446-447.)

This case presents a markedly different factual scenario from both *Ramos* and *Saavedra.* Unlike in *Ramos,* Beltran never admitted he directly aided and abetted the attempted murder. Instead, he admitted he was aiding and abetting the gang's activities. And he admitted that he, *along with others*, intentionally attempted to kill the victim. These admissions leave room for the possibility that the requisite malice could be imputed to Beltran based merely on participation in group conduct. (See *Rodriguez, supra,* 103 Cal.App.5th at p. 458 ["Appellant's guilty plea admitted and established generally the existence of 'intent to kill.' However, it did not admit whether the intent was personal to him or imputed to him. (*People v. Estrada* (2024) 101 Cal.App.5th 328, 338 [(*Estrada*)].) Based on the record of the guilty plea, it was theoretically possible an accomplice intended to kill and the accomplice's intent was imputed to appellant under the natural and probable consequences doctrine"].)

Unlike in *Saavedra*, Beltran's guilty plea indicates he was acting with others. Moreover, Beltran did not admit as part of his plea agreement that he committed the crime willfully, deliberately, and with premeditation. Both petitioners in *Ramos* and *Saavedra* did.

6

The Attorney General points to Beltran's admission that he personally used a handgun during the crime, and personally caused great bodily injury. We do not agree that this admission supplies the missing elements. Beltran did not, as the Attorney General suggests, admit that he personally shot at the victim and injured him. He admitted that he personally used a handgun during the crime, and separately admitted that he caused great bodily injury. The Attorney General's interpretation of Beltran's admission requires factfinding which is prohibited at the prima facie stage.

In making its ruling, the trial court likened Beltran's plea to the one in *People v. Romero* (2022) 80 Cal.App.5th 145 (*Romero*), in which the petitioner had stipulated that the preliminary hearing transcript provided a factual basis for the plea.[3] (*Id.* at p. 149.) That transcript indicated Romero was involved in a murder-for-hire plot and had driven another man to the victim's house so that the man could kill the victim. As the factual basis for his plea, Romero acknowledged that he acted intentionally, deliberately, and

---

[3] There were no preliminary hearing transcripts in our record, and this may be because the preliminary hearing was continued multiple times until Beltran entered his guilty plea.

with premeditation. (*Ibid*.) The appellate court was particularly swayed by this admission because it established actual malice.[4] (*Id.* at p. 153.)

As we have already noted, Beltran did not acknowledge acting deliberately or with premeditation, and his admission of intent did not foreclose the possibility that the prosecution was proceeding on a natural and probable consequences theory of liability. Thus, *Romero* is distinguishable.

Indeed, the cases most analogous to this one resulted in a reversal. (See *Eynon*, *supra*, 68 Cal.App.5th at p. 978; *Estrada*, *supra*, 101 Cal.App.5th at p. 338.)

The petitioner in *Eynon* was charged along with a codefendant with first degree murder committed willfully, deliberately and with malice aforethought. In pleading guilty to first degree murder, Eynon merely admitted that "he did 'what Count 1 of th[e] information says [he] did, when it says [he] did it.'" (*Eynon*, *supra*, 68 Cal.App.5th at p. 971.) Division 2 of this court held that the factual basis for Eynon's plea only showed "that the charged murder took place and that he committed an act with the necessary

---

[4] The petitioner in *Romero* had also argued that the trial court improperly relied on the preliminary hearing transcript at the prima facie stage, but the appellate court declined to consider this issue in light of his admission. (See *Romero, supra*, 80 Cal.App.5th at p. 153.) The role of preliminary hearing transcripts at the prima facie stage of a section 1172.6 petition has been the subject of several published cases dealing with prima facie denial of resentencing petitions when the petitioner pleaded guilty or no contest. (See *People v. Davenport* (2021) 71 Cal.App.5th 476, 479; *People v. Patton* (2023) 89 Cal.App.5th 649, 657-658 (*Patton*), review granted June 28, 2023, S279670; *People v. Pickett* (2023) 93 Cal.App.5th 982, 990, review granted Oct. 11, 2023, S281643; *People v. Mares* (2024) 99 Cal.App.5th 1158, 1164, review granted May 1, 2024, S284232; *Estrada, supra*, 101 Cal.App.5th at p. 340.) The issue is now under review by the California Supreme Court in *Patton*.

intent to render him liable for that murder under then-existing law." (*Id.* at p. 978.) Beltran's situation is similar in that his admissions left open the possibility that the prosecution pursued a natural and probable consequences theory.

In *Estrada*, the petitioner was charged as a sole defendant with attempted murder and voluntary manslaughter, and he pleaded no contest. (*Estrada*, *supra*, 101 Cal.App.5th at pp. 333-334.) However, there was evidence in the record of conviction to indicate others were involved in the crime. (*Id.* at p. 340.) The appellate court found that a bare admission to generic charges of attempted murder and voluntary manslaughter did not eliminate the possibility that he was convicted on a theory of imputed malice. (*Id.* at p. 338.)

The same is true here. The record of conviction indicates multiple perpetrators could have been involved in the crime, even though Beltran was charged as a sole defendant. We thus conclude the trial court erred by denying the petition without the benefit of an evidentiary hearing.

## DISPOSITION

The ruling of the trial court denying relief under section 1172.6 is reversed and the matter remanded with directions to issue an order to show cause and conduct an evidentiary hearing on the petition.


MOORE, J.

WE CONCUR:


O'LEARY, P. J.


SANCHEZ, J.

10