Filed 3/20/25  P. v. Lopez CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>ERIC SANCHEZ LOPEZ,<br><br>    Defendant and Appellant. | G063854<br><br>(Super. Ct. No. 13NF2674)<br><br>O P I N I O N |

Appeal from a postjudgment order of the Superior Court of Orange County, Beatriz M. Gordon, Judge. Affirmed.

Jeffrey S. Kross, under appointment by the Court of Appeal, for Defendant and Appellant.

No Appearance by Plaintiff and Respondent.

\*          \*          \*

Eric Sanchez Lopez appeals from the trial court's denial of his petition for resentencing.

We appointed counsel to represent Lopez. Counsel informed us in his declaration he conducted an analysis of potential appellate issues, and that the case was also reviewed by a staff attorney at Appellate Defenders, Inc. Counsel filed a brief pursuant to the procedures set forth in *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*) (and consistent with *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738). While not arguing against his client, counsel set forth the facts of the case and asked this court to conduct its own independent review of the appellate record, which we have done. Counsel also directed our attention to this possible issue: "Did the trial court improperly deny appellant's petition for resentencing pursuant to section 1172.6?"

Counsel advised Lopez of his right to file a written argument on his own behalf; he has not done so. We nonetheless exercise our discretion to conduct an independent review of the record. (*Delgadillo, supra,* 14 Cal.5th at p. 232.)

After reviewing the entire record de novo, we affirm the trial court's determination that Lopez is ineligible for the sentencing relief he seeks.

FACTS

In 2015, Lopez pleaded guilty to attempted murder (Penal Code,[1] §§ 664, subd. (a), 187, subd. (a); count 1), and misdemeanor gang

---

[1] All further statutory references are to the Penal Code.

participation (§ 186.22, subd. (a); count 2). He also admitted a vicarious firearm discharge enhancement (§ 12022.53, subds. (c) & (e)(1)).

Lopez executed the standard *Tahl*[2] form at the time he entered his guilty pleas. That form included this factual basis for the attempted murder plea: "In Orange County, California, on August 3, 2013, I did unlawfully, and with the specific intent to kill, attempt to murder John Doe, a human being."

Before accepting the guilty plea, the trial judge asked Lopez: "Are those written statements true?" Lopez replied, "Yes, your honor." The court then sentenced Lopez, apparently as a result of a negotiated plea, to 25 years in prison (the low term of five years on the attempted murder plus 20 years for the vicarious firearm discharge).

In July 2023, Lopez filed a petition pursuant to section 1172.6 in which he requested that he be resentenced. In support of that petition Lopez alleged that he could not now be convicted of attempted murder because of the changes made to sections 188 and 189, effective January 1, 2019, as amended by Senate Bill No. 775 (2021-2022 Reg. Sess.).

The trial court appointed the Public Defender to represent Lopez. The Associate Defender was thereafter appointed due to a conflict. The District Attorney filed a written response to the petition. The Associate Defender filed a reply. The trial court then conducted a hearing in February 2024. The court denied the petition in a written ruling.

Lopez appeals from the trial court's postjudgment order.

---

[2] *In re Tahl* (1969) 1 Cal.3d 122.

## DISCUSSION

Effective January 1, 2019, the Legislature enacted Sente Bill No. 1437 (2017-2018 Reg. Sess., Senate Bill 1437) to limit the scope of the traditional felony-murder rule; the new legislation also eliminated the natural and probable consequences theory for murder. (*People v. Lewis* (2021) 11 Cal.5th 952, 957.) Pursuant to that legislation, murder liability can no longer be "'imposed on a person who is not the actual killer, [who] did not act with the intent to kill, or [who] was not a major participant in the underlying felony who acted with reckless indifference to human life.'" (*Lewis*, at p. 959). Senate Bill No. 775 (2021-2022 Reg. Sess.), effective January 1, 2022, extended the same restrictions to attempted murder and manslaughter.

In the factual basis for his guilty plea, Lopez admitted that when he "attempt[ed] to murder John Doe," he harbored "the specific intent to kill" his victim. A defendant who acts with the intent to kill is among those expressly excluded from the Legislature's new sentencing guidelines. (*People v. Lopez* (2022) 78 Cal.App.5th 1, 14.) "If the petition and record in the case establish conclusively that the defendant is ineligible for relief, the trial court may dismiss the petition." (*People v. Strong* (2022) 13 Cal.5th 698, 708.) So it is here. The trial court correctly found that Lopez is statutorily ineligible for resentencing relief.

After reviewing the entire record, we have found no other arguable appellate issue.

## DISPOSITION

The postjudgment order is affirmed.


GOETHALS, ACTING P. J.

I CONCUR:


SANCHEZ, J.

DELANEY, J., Dissenting.

I agree with the majority that the outcome of this appeal hinges on whether the record of conviction conclusively establishes defendant Eric Sanchez Lopez is ineligible for resentencing relief under Penal Code section 1172.6.[1] I also agree Lopez's guilty plea, including the factual basis admitted by him in conjunction with it, is critical to making that determination. However, I respectfully disagree that the plea is sufficient to conclusively establish all elements of a still-valid theory of attempted murder. On the record before us, I believe there is an arguable issue to be briefed by the parties as part of our discretionary independent review of the record, and I would reverse the trial court's denial of Lopez's resentencing petition at the prima facie stage.

A guilty plea is "a judicial admission of every element of the offense charged." (*People v. Chadd* (1981) 28 Cal.3d 739, 748.) It "is the equivalent of a conviction," and by pleading guilty a defendant waives a sufficiency of the evidence challenge. (*People v. Ward* (1967) 66 Cal.2d 571, 574; *In re Troy Z.* (1992) 3 Cal.4th 1170, 1180–1181.)

Relevant here, attempted murder is generally comprised of two elements, namely "(1) a specific intent to kill and (2) a direct but ineffectual act toward accomplishing the intended killing." (*People v. Mejia* (2012) 211 Cal.App.4th 586, 605.) Unlike murder, because attempted murder requires express malice, it "cannot be proved based upon a showing of implied malice." (*Ibid.*)

---

[1] All further statutory references are to the Penal Code.

1

Prior to 2019, there generally were three theories through which one could be convicted of attempted murder: (1) liability as the direct perpetrator; (2) liability as a direct aider and abettor; and (3) liability as a natural and probable consequences aider and abettor. (See *People v. Perez* (2005) 35 Cal.4th 1219, 1225; *People v. McCoy* (2001) 25 Cal.4th 1111, 1117–1118.) While the first two of those theories required the defendant to personally have a specific intent to kill and to engage in some act vis-à-vis the attempted killing (see *People v. Lee* (2003) 31 Cal.4th 613, 623–624 [discussing direct aiding and abetting attempted murder liability]), the last of those theories did not. Under the natural and probable consequences doctrine, a defendant who knowingly aided and abetted an intended nonmurder crime, commonly referred to as the target offense, was also guilty of any other crime the perpetrator actually committed that was a natural and probable consequence of the intended crime, commonly referred to as the nontarget offense, irrespective of whether the defendant had any intent regarding the nontarget offense. (See *People v. Curiel* (2023) 15 Cal.5th 433, 449 (*Curiel*); *McCoy,* at p. 1117; *People v. Canizalez* (2011) 197 Cal.App.4th 832, 852.) Depending on the circumstances of a given situation, attempted murder could be a nontarget offense. (*People v. Favor* (2012) 54 Cal.4th 868, 874.)

After legislative changes to the murder statutes which took effect in January 2019, the natural and probable consequences doctrine may no longer be used to convict someone of attempted murder, among other crimes. (*Curiel, supra*, 15 Cal.5th at p. 449; *People v. Coley* (2022) 77 Cal.App.5th 539, 548.) In contrast, direct perpetrator and direct aider and abettor theories of liability remain viable. (See *Curiel,* at p. 462; *Coley,* at p. 548.)

Here, in the factual basis for his guilty plea, Lopez admitted he, "with the specific intent to kill, attempted to murder [the victim]." He further admitted he "was a principal in the commission of the felony attempted murder" and "during the commission of the attempted murder, another principle intentionally discharged a firearm."

By including in his factual basis that he acted "with the specific intent to kill," Lopez made a factual admission of possessing a specific intent to kill. This was sufficient to conclusively establish one element of attempted murder. (See *People v. Ramos* (2024) 103 Cal.App.5th 460, 466.) It removes any possibility that his admitted liability was premised on imputed malice.

But, contrary to the majority's position, "an intent to kill finding does not itself conclusively establish that a petitioner is ineligible for relief" under section 1172.6. (*Curiel, supra*, 15 Cal.5th at p. 461.) One purpose of the statute is "'to ensure that murder culpability is commensurate with a person's actions.'" (*Id.* at p. 464.) Thus, "[i]f only *one* element of the offense is established by the record, the petitioner could still be correct that he or she could not currently be convicted of the relevant offense based on the absence of *other* elements." (*Id.* at p. 463.)

Lopez's record of conviction does not conclusively establish the actus reus element of a still-valid theory attempted murder. In the factual basis, he admitted he "attempted to murder [the victim]." Unlike the word "kill," the word "murder" is a legal term of art. (See § 187, subd. (a) [defining murder as "the unlawful killing of a human being, or a fetus, with malice aforethought"].) Thus, this portion of Lopez's admission is susceptible to two different but equally reasonable meanings: one, that he factually admitted to

3

attempting to kill the victim; or two, that he made a legal admission that his actions were sufficient to establish the actus reus of attempted murder.

Under the second meaning, Lopez did not necessarily factually admit he performed a direct but ineffectual act toward the killing. Likewise, he did not necessarily make a factual admission of any act directed toward the killing, as opposed to a target offense, that would have qualified him as a direct aider and abettor. Thus, the record does not rule out the possibility that Lopez simply admitted to an act that made him an aider and abettor on a natural and probable consequences theory. (See *People v. Prettyman* (1996) 14 Cal.4th 248, 262 [natural and probable consequences aider and abettor commits act that aids or encourages commission of target crime]; c.f. *Curiel, supra,* 15 Cal.5th at p. 467 [in natural and probable consequences situation, act that aids or encourages target crime cannot be said to necessarily also aid or encourage nontarget crime].)

For these reasons, I believe the record of conviction does not conclusively establish all elements of attempted murder under a still-valid theory (*Curiel, supra,* 15 Cal.5th at p. 463), and I would reverse the trial court's denial of Lopez's resentencing petition at the prima facie stage.

DELANEY, J.

4